UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ALLEN BROWN,

                Plaintiff,                                 **FIRST AMENDED COMPLAINT AND JURY DEMAND**

      -against-

THE CITY OF NEW YORK,                                15 CV 4488 (KAM)(RER)
Police Officer JEFFREY SMITH, Shield No. 5466,
Sergeant JERRY GARCIA, Shield No. 2320, Police
Officer ANTHONY BIONDOLILLO, Shield No. 4033
Police Officer JAY RICHIEZ, Shield No. 4293,
Sergeant CHRISTOPHER MANDERS, Shield No. 2883,
Police Officer JOHN DOE 1 through 5,
In their individual and official capacities
As employees of the City of New York,

                Defendants.
-----------------------------------------------------------------

       Plaintiff, ALLEN BROWN, by his attorneys, the Rameau Law Firm and the Law Offices of Joel B. Rudin, P.C., alleges the following, upon information and belief, for this Complaint:

### INTRODUCTION

       1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the police officers mentioned above in their individual and official capacities, and against the City of New York.

       2.     On June 27, 2014, Defendants JEFFREY SMITH, JERRY GARCIA, ANTHONY BIONDOLILLO, JAY RICHIEZ, CHRISTOPHER MANDERS, and JOHN DOE 1 through 5 (collectively, the "Police Defendants") unlawfully arrested Plaintiff without

probable cause and then assaulted and seriously injured him, all without any justification or due cause.

    3.    Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

    4.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

    5.    This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

    6.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

    7.    Under 28 U.S.C. § 1391(b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

    8.    Plaintiff Allen Brown was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

    9.    Defendant JEFFREY SMITH, Shield No. 5466, Tax No. 942918, was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of

New York, and acting within the scope of his authority and employment. He is named here in his individual and official capacities.

10. Defendant JERRY GARCIA, Shield No. 2320, Tax No. 936643, was at all relevant times a sergeant employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual an official capacities.

11. Defendant ANTHONY BIONDOLILLO, Shield No. 4033, Tax No. 943004, was at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual an official capacities.

12. Defendant JAY RICHIEZ, Shield No. 4293, Tax No. 941089, was at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual an official capacities.

13. Defendant CHRISTOPHER MANDERS, Shield No. 2883, Tax No. 945617, was at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual an official capacities

14. Defendants JOHN DOE 1 through 5 were at all relevant times officers and/or supervisors employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of their authority and employment. They are named here in their individual an official capacities.

15. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the Police Defendants.

## FACTUAL ALLEGATIONS

16. Plaintiff is an African-American male.

17. On June 27, 2014, at approximately 1 a.m., Plaintiff was a passenger in the back seat of a vehicle traveling in the Flatbush area of Brooklyn, New York, when an unmarked police vehicle arrived. The driver pulled over and stopped.

18. Suddenly, for reasons unknown to Plaintiff, the driver put the car in gear and sped off. Plaintiff was unable to leave the vehicle.

19. The driver proceeded to speed down the street and finally stopped in the area of Martense Street and Flatbush Avenue in Brooklyn. All the other occupants fled on foot.

20. Panicked, and fearing that the anger of the police of having to give chase would be directed at him, Plaintiff also exited the vehicle and tried to hide.

21. The Police Defendants found Plaintiff, who emerged with his hands behind his head, told the police he had no weapons or contraband, and begged them not to hurt him. He was completely cooperative with police at that point and offered no resistance.

22. Nevertheless, the Police Defendants, acting in concert, pushed Plaintiff to the ground, handcuffed him, and pinned Plaintiff to the ground. While Plaintiff lay on the ground, the Police Defendants punched, kicked, and stomped Plaintiff's head, ribs, and neck. Plaintiff began bleeding from his face and lost consciousness. The Police Defendants then dragged Plaintiff up a flight of stairs and placed him in a police car.

23. Ultimately, the Police Defendants transported Plaintiff to the 67th Precinct, where an EMS worker insisted that Plaintiff should be taken to the hospital, as Plaintiff was bleeding profusely. Plaintiff was transported to Kings County Hospital, where several staples had to be applied to seal a large gash on Plaintiff's scalp.

24. At the precinct, the Police Defendants falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff committing various crimes.

25. At no point did the Police Defendants observe Plaintiff committing any crimes or offenses.

26. Ultimately, Plaintiff was taken from the police precinct to Brooklyn Central Booking.

27. Defendant JEFFREY SMITH thereafter informed the Kings County District Attorney's Office that Plaintiff resisted arrest by fighting with SMITH and other officers as SMITH attempted to handcuff Plaintiff.

28. This information was false. Plaintiff offered absolutely no resistance when SMITH handcuffed Plaintiff.

29. The assigned prosecutor thereafter incorporated SMITH's false accusations against Plaintiff in a misdemeanor complaint, which SMITH signed.

30. Plaintiff was arraigned on or about June 28, 2014, in Kings County Criminal Court.

31. On or about February 3, 2015, all charges against Plaintiff were dismissed and sealed.

32. As a result of the Police Defendants' actions, Plaintiff suffered serious physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## COUNT ONE
### False Arrest, New York State Tort Law
### Against All Defendants

33. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

34. The Police Defendants, individually and in concert, arrested, confined, caused the confinement, and/or continued the confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or cause the confinement of, Plaintiff.

35. Plaintiff was conscious of his confinement.

36. Plaintiff did not consent to his confinement.

37. Plaintiff's confinement was not otherwise privileged.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
### False Arrest, 42 U.S.C. § 1983
### Against All Police Defendants

39. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

40. The Police Defendants, individually and in concert, and acting under the color of law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure and to his liberty by searching, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege whatsoever.

41. Plaintiff was conscious of his confinement.

42. Plaintiff did not consent to his confinement.

43. The Police Defendants each deprived Plaintiff of his rights intentionally, knowingly, willfully, or recklessly, under color of law.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE
### Assault and Battery, New York State Tort Law
### Against All Defendants

45. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

46. The Police Defendants intentionally touched Plaintiff and caused him serious physical injury.

7

47. The Police Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification, excuse, or privilege.

48. Plaintiff did not consent to physical contact by any of the Police Defendants.

49. Those Police Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Excessive Use of Force, 42 U.S.C. § 1983
### Against All Police Defendants

51. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

52. The Police Defendants intentionally touched Plaintiff.

53. The Police Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/or exacerbated serious injuries to Plaintiff.

54. Plaintiff did not consent to the excessive physical contact by any of the Police Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

55. By virtue of the foregoing, the Police Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

8

56. The Police Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT FIVE
### Substantive Due Process, 42 U.S.C. § 1983
### Against All Police Defendants

58. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

59. The Police Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

60. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

61. The Police Defendants treated Plaintiff in a manner that shocks the conscience.

62. The Police Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

63. The Police Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT SIX
### Cruel and Unusual Punishment, 42 U.S.C. § 1983
### Against All Police Defendants

65. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

66. The Police Defendants intentionally inflicted unnecessary and wanton pain and punishment upon Plaintiff by punching, kicking, and stomping him until he lost consciousness.

67. By intentionally inflicting unnecessary and wanton pain and punishment upon Plaintiff, the Police Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

68. The Police Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT SEVEN
### Due Process/Fair Trial, 42 U.S.C. § 1983
### Against Defendant SMITH

70. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

71. Defendant SMITH deprived Plaintiff of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiff had resisted arrest.

72. SMITH used this false evidence to initiate criminal proceedings against Plaintiff.

73. The State thereafter used this evidence to initial criminal proceedings against Plaintiff.

74. As a result, Plaintiff was deprived of his liberty.

75. SMITH deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

76. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT EIGHT
### *Respondeat Superior* Liability
### Against the City of New York

77. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

78. The aforementioned conduct of the Police Defendants occurred while they were on duty and was within the scope of their authority as police officers.

79. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally, for not less than $1,000,000;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the Plaintiff;

(d) Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 42 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

*[signature]*

Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 887-5536
Fax:    (718) 875-5440

*[signature]* Joel Rudin by AR

Joel B. Rudin, Esq.
Law Offices of Joel B. Rudin, P.C.
600 Fifth Avenue, 10th Floor
New York, New York 10020
Phone:  (212) 752-7600
Fax:    (212) 980-2968

ATTORNEYS FOR PLAINTIFF

DATED:   December 30, 2015
         Brooklyn, New York

TO:      All Defendants
         Corporation Counsel of the City of New York