LAW OFFICES OF JOEL B. RUDIN, P.C.

600 FIFTH AVENUE
10TH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

AMANDA ROLAT
HARAN TAE

GEORGE R. GOLTZER
(OF COUNSEL)

August 31, 2016

**ECF**

Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Brown v. City of New York, et al.*
     No. 15 Civ.4488 (KAM)(RER)

Dear Judge Reyes:

  I write concerning the unsatisfactory response of defendants dated August 30, 2016, concerning the disclosure of "notes" of interviews conducted by Internal Affairs detectives of two interviews of plaintiff, Allen Brown, concerning his complaint of police brutality which underlie this lawsuit. The letter is incomplete as to the issues before the Court.

  I cannot understand what the defendants' good-faith basis ever was for not disclosing the contents of NYC185: a formal interview report concerning the post-arrest interview of Allen Brown by IAB investigator Reiser. Certainly there was no good-faith basis for delaying production after this Court's ruling of August 4, 2016.

  However, the defendants' belated agreement to unredact the formal report begs the question of why they are not disclosing the underlying handwritten notes from which the report was prepared. Every New York City police officer learns on Day 1 in the Police Academy that handwritten notes must be preserved as *Rosario* material so that they can be disclosed to the defense in any criminal prosecution. This was an IAB investigation into

whether to pursue administrative or criminal charges for assault and false arrest. We're now entitled to disclosure of the underlying notes taken by Investigator Reiser, or disclosure that such notes were destroyed. I have repeatedly asked Mr. Ashanti to comply with this request and he has responded that NYC 185 is "all there is." This begs the question of whether there are notes that he just hasn't obtained yet, or, if there aren't any, an explanation either that there never were any or that they were destroyed.

Similarly, Inv. Reiser interviewed Allen Brown a second time, at my office, subsequent to the first interview. I was present. I declined to permit him to audio-record the interview, so he took notes. No notes, or report, of this interview has been disclosed, despite my repeated requests of Mr. Ashanti, for months. What happened to the notes? Is there no formal report, unlike every other interview that was conducted?

When I wrote the court previously, and we discussed the subject of "notes" during conferences, I always assumed when Mr. Ashanti referred to "notes" that he meant handwritten notes, but now he calls NYC185, a formal report, "notes." I don't know why he now does this. But we are entitled to a definitive response of whether there ever were handwritten notes of either or both interviews (and a tape of the first interview), and whether there is any report concerning the second interview, to disclosure of all such materials, or, alternatively, an explanation of why disclosure cannot be made.

Further, I am concerned about being sandbagged. My client should not have to submit to a deposition without the opportunity to review all his statements. He should not be required to testify without such statements, only to have them miraculously surface later and be used to impeach him if there are any inconsistencies after the passage of so much time. For this reason, I have asked Mr. Ashanti to stipulate that the defendants will not use, for any purpose in the lawsuit, any undisclosed notes or statements of Mr. Brown. He has refused to do so. We request the Court to enter such an order.

Finally, we object to Mr. Ashanti's request to disclose Mr. Brown's own statement to IAB subject to a protective order. What conceivable reason can there be for defendants to keep confidential an interview of the plaintiff concerning his own allegations of police brutality? Section 1983 is intended,

in part, to expose such government misconduct. The continuing effort by defendants to keep what they did secret is offensive to the legislative intent behind Sect. 1983, and the case law, and should not be allowed. We request that the Court order disclosure without restrictions on the use of the material.

Respectfully submitted,

Joel B. Rudin

JBR/ht

cc: Karl J. Ashanti, Esq. (by ECF)
Assistant Corporation Counsel

Amy Rameau, Esq. (by ECF)
Co-Counsel for Plaintiff