

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KARL J. ASHANTI**
Senior Counsel
Phone: (212) 356-2371
Fax: (212) 788-9776
kashanti@law.nyc.gov

August 31, 2016

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Allen Brown v. City of New York, et al.
                  15 CV 4488 (KAM)(RER)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing the defendants in the above-referenced matter. I respectfully write in response to plaintiff's letter of today's date addressing the issue of the IAB investigator notes in this matter.

       Plaintiff's letter seems to reveal a fundamental misunderstanding of what is involved here. As indicated by plaintiff, the undersigned communicated to plaintiff's counsel that the sum total of all investigator notes is contained within NYC185. However, plaintiff's counsel still seems to be under the misimpression that there are additional handwritten notes separate and apart from NYC185 when there are not. Perhaps the reason for plaintiff's counsel's confusion is that fact that NYC185 is, in fact, a typed report of an interview of the plaintiff. However, what plaintiff's counsel seems to have failed to understand is that the typed portion of NYC185 does not comprise the "notes" to which defendants have been referring to the Court and to plaintiff. Rather, the "notes" are the handwritten notes contained on the *bottom half* of NYC185, which, heretofore, plaintiff's counsel has not reviewed because NYC185 is partially redacted and the unredacted version, which reveal the handwritten notes, has previously been given to the Court only for *in camera* inspection.

Thus, if plaintiff's counsel witnessed Sergeant Reiser taking notes during an interview of the plaintiff, he was witnessing Sergeant Reiser take the notes that appear on the unredacted version of NYC185, because those are the only notes he took. To further clarify, Sergeant Reiser purposefully wrote his handwritten notes on the typed report (NYC185) of the earlier interview of the plaintiffs which was conducted by *other* IAB investigators.

Finally, concerning defendants' request that production of the unredacted version of NYC185 be made under the auspices of the protective order, defendants inform the Court and remind plaintiff that all of defendants' productions of portions of the IAB investigation file ("IAB file") were made subject to the protective order, and defendants are simply seeking the same protection concerning Sergeant Reiser's notes as they, like all other portions of the IAB file, fit well within the definition of "Confidential" as stated in the protective order.[1]

Defendants thank the Court for its time and consideration.

Respectfully submitted,

/S

Karl J. Ashanti, Esq.

cc: Amy Rameau, Esq. (by ECF)
     Joel Rudin, Esq. (by ECF)

---

[1] The February 1, 2016 Protective Order states, in pertinent part: ""Confidential Materials" shall mean medical records, tax records, corrections records, and other sealed, criminal court and *police records concerning plaintiff*; New York City Police Department ("NYPD") personnel records; and *records related to* NYPD disciplinary, CCRB, and *IAB proceedings regarding charges that were not substantiated*…." (emphasis added)