# LAW OFFICES OF JOEL B. RUDIN, P.C.

600 FIFTH AVENUE

10TH FLOOR

NEW YORK, NEW YORK 10020

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN
TERRI S. ROSENBLATT

HARAN TAE

GEORGE R. GOLTZER
(OF COUNSEL)

March 24, 2017

**ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Brown v. City of New York, et al.*
            No. 15-CV-4488(KAM)(RER)

Dear Judge Matsumoto:

    I am writing in response to Defendants' letter seeking a pre-motion conference in this matter. The Defendants, in their letter, propose a motion that not only would lack merit, but, in some respects, would be frivolous. Mr. Brown's claim is straightforward: he was unlawfully stopped, arrested and, despite putting up no resistance, beaten to the point of requiring hospitalization and staples to his head. Each cause of action is legally sound and raises a genuine issue of fact for a jury to determine. *See* Fed. R. Civ. P. 56(a).

    **False Arrest:** Defendants are wrong in claiming that Mr. Brown's arrest was lawful. Mr. Brown was not violating the trespass statute and, without an underlying lawful arrest, also was not "resisting arrest." At least, there are material issues of fact concerning his arrest.

    An arrest for trespass is permissible only if the police have probable cause to believe the person has "entered or remained unlawfully" in a premises "without license or privilege to do so." *See* N.Y. Penal L. §§ 140.00, 140.05. "A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, *personally communicated to him by the owner of such premises or other authorized person*." *Id.* (emphasis added); *see also People v. Ennis*, 37 A.D.2d 573, 573–74 (2d Dep't 1971), *aff'd*, 30 N.Y.2d 535 (1972).

    Front porches, driveways, vestibules and lobbies all are "public places" under the law, absent some indicia that they are not, such as a sign, a fence, or a gate. *See, e.g., People v. Powell*, 54 N.Y.2d 524, 531 (1981) (areas like driveways, building lobbies, and common hallways are presumptively open to the public). The discovery in this litigation has shown that

there was *no* such indicia that the area where Mr. Brown was arrested, a vestibule outside the door to a basement apartment, was closed to the public.

Defendants also are wrong in claiming that the 911 call by the alleged owner of the property provided probable cause. The caller did not tell the police that she told Mr. Brown to leave the premises, or otherwise revoked his privilege to be there; she just said that a person was present whom she had not invited. This is critical because trespass requires that the person have *actual knowledge* that he was not allowed to be there. *See People v. Basch*, 36 N.Y.2d 154, 159 (1975). Where the premises is otherwise open to the public, the police necessarily must have information that a person has been asked to leave before making a trespass arrest. Here, there is no such evidence.

Since Mr. Brown's arrest for trespass was unlawful, it follows that any arrest for "resisting arrest" also is unlawful. *See* N.Y. P.L. § 205.30 (a person is guilty of resisting arrest when he resists an "authorized arrest"). Moreover, Mr. Brown disputed in his deposition testimony, and also would dispute at trial, that he did anything to "resist."

**Excessive Force:** Mr. Brown's excessive force claim obviously is one for trial: Mr. Brown alleges he tried to surrender, yet was viciously assaulted and has pictures and hospital records to corroborate his testimony. While Defendants deny such wrongdoing, this is a dispute that obviously should be resolved by a finder of fact.

Defendants claim entitlement to summary judgment because Mr. Brown's injuries supposedly were *de minimis*. This argument is absurd. He suffered a laceration to his scalp that was treated with several staples. He suffered cuts and abrasions, as well as headaches and mental and emotional harm. These were not "*de minimis*" injuries.

Defendants' further argument that Mr. Brown does not know how he injured his head, thus he has no claim, is misleading as well. Mr. Brown clearly testified that his head was injured because of the Defendants' force during his arrest; he simply did not know which of the blows from which officer is the one that caused that specific injury. The jury can be instructed on joint and several liability, and Mr. Brown should be allowed to argue that *all* of the officers who caused his injuries through excessive force, or failed to intervene, are responsible for his damages. *See generally*, Stephen Yagman, Police Misconduct and Civil Rights: Federal Jury Practice and Instructions, §6-12.5-6-1.32 (2d Ed. 2002) (model instructions on "group liability").

**Procedural Due Process/Fair Trial:** Defendants claim that Mr. Brown "actually committed" the offenses with which he was charged, and, therefore, was not denied his rights to a fair trial and to not have evidence against him fabricated. However, there is unquestionably an issue of fact as to whether the claim that Mr. Brown resisted arrest was fabricated. Whether he would have been charged anyway for trespass is a question of fact for the jury.

**State Law Claims**: For the same reasons that the Section 1983 claims should proceed to trial, so should the state law claims of false arrest and assault and battery. Meanwhile, the City is liable under *respondeat superior* since Defendants admit that they were acting within the scope of their authority as police officers at all times relevant to this claim.

LAW OFFICES OF JOEL B. RUDIN, P.C.

**Qualified Immunity:** The Defendants are not entitled to qualified immunity as to any of the claims in this case. No reasonable police officer would have believed he had probable cause to arrest Mr. Brown for his presence outside the basement apartment, especially without any indication that Mr. Brown had been told to leave. Defendants cite no cases in their letter suggesting qualified immunity lies in such a situation. Meanwhile, Defendants do not claim qualified immunity as to Mr. Brown's excessive force claim in their letter. This is sensible. Qualified immunity is so entwined with the constitutional issue raised in an excessive force claim that they "should be treated as one question, to be decided by the trier of fact." *Saucier v. Katz*, 533 U.S. 194, 197 (2001).

**Substantive Due Process and Cruel and Unusual Punishment:** Mr. Brown will voluntarily dismiss these claims without prejudice on the ground that they are redundant to the other claims he has raised.

Thank you for your Honor's consideration.

Respectfully submitted,

Terri Rosenblatt

TR/tp
cc: All Counsel (By ECF)