# LAW OFFICES OF JOEL B. RUDIN, P.C.

600 FIFTH AVENUE

10TH FLOOR

NEW YORK, NEW YORK 10020

_____

TELEPHONE: (212) 752-7600

FACSIMILE: (212) 980-2968

E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN
TERRI S. ROSENBLATT

HARAN TAE

GEORGE R. GOLTZER
(OF COUNSEL)

April 10, 2017

**ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Brown v. City of New York, et al.*
              <u>No. 15-CV-4488(KAM)(RER)</u>

Dear Judge Matsumoto:

      On behalf of Plaintiff, Allen Brown, I am writing in advance of the currently-scheduled April 12, 2017, pre-motion conference, to preview a motion Plaintiff would like to make for discovery sanctions owing to Defendants' sand-bagging of Plaintiff with the inexcusably belated production, after the close of discovery, of a crucial, tape-recorded interview of Mr. Brown by Internal Affairs Bureau ("IAB") investigators the night of the underlying incident of police brutality. Plaintiff repeatedly sought production of all discovery of IAB interviews of Plaintiff, including any tape, expressing concern about being sandbagged. The late disclosure, which occurred last week, has irreparably prejudiced Plaintiff. For this reason, we intend to move for discovery sanctions under Rule 37, including striking the Defendants' answer or precluding portions of their defense.

      This is a false arrest and excessive force action, based on events that occurred on June 27, 2014. Plaintiff was arrested outside a brownstone in Brooklyn, then physically assaulted by multiple police officers, suffering a serious laceration to his scalp that had to be stapled closed, and multiple abrasions and contusions. While he was handcuffed to a hospital bed, awaiting treatment, he was interviewed by two IAB officers. Defendants initially disclosed in discovery a police report containing a summary of this interview, but no other account of this or any other interview, even though Plaintiff was interviewed a second time by IAB in his attorney's presence.

      From the beginning of this litigation, Plaintiff's counsel suspected there had to be more discovery. When the defense did not disclose it in their voluntary production under Fed. R. Civ. P. 26(a), Plaintiff, in his Rule 34 discovery demand dated November 7, 2015, requested "recordings" related to this case. When defense counsel produced no further records of

Plaintiff's interviews, Plaintiff's counsel repeatedly asked defense counsel, in formal correspondence, e-mails, telephone conversations, and during a conference before Magistrate Judge Reyes, for such production, and specifically expressed concern about being sandbagged. On August 2, 2016, after Plaintiff had pressed this issue repeatedly, defense counsel finally represented that "save some notes" (which were then produced), "[e]verything concerning [the] IAB investigation [into the underlying incident] has already been produced." Again, on September 9, 2016, defense counsel agreed to "see if there are notes (or a tape recording) by the detective, who interviewed Mr. Brown on June 27 following his arrest," but produced no tape.

Thereafter, at a December 21, 2016 deposition, IAB Det. Christophe testified that IAB probably did tape record Mr. Brown at his initial hospital interview, since that was normal practice, although he did not remember. Plaintiff again asked for production. Defense counsel said he would take this request "under advisement," but again produced no tape.

On February 7, 2017, during the second-to-last deposition in this case, IAB Sgt. Meehan testified unequivocally that Plaintiff had been audiotaped. Undersigned counsel wrote to defense counsel to *again* request the audio recording. In a conference with Magistrate Judge Reyes on March 2, 2017, the Court certified that discovery was completed, but ordered the defense to produce the tape. Magistrate Judge Reyes agreed that Plaintiff's counsel could raise any legal issue related to the delayed disclosure of the tape, including a request for preclusion or other appropriate sanction. Not until almost one month later, on April 6, 2017, did the Plaintiff receive the tape.

There is no excuse for this late disclosure and for the prior representations it didn't exist. Defense counsel, an experienced City attorney handling such matters, surely knows of IAB's usual practice to record interviews, but evidently didn't ask any of the IAB investigators with personal knowledge and didn't exercise due diligence. Instead, he allowed Plaintiff's counsel to be misled during the entire course of the pretrial discovery, to Plaintiff's detriment.

The tape recording is 29 minutes long. It was made while Plaintiff was handcuffed to a hospital bed with untreated head and other wounds. Early in the interview, which occurred at 5:30 a.m., an IAB detective asks Plaintiff if he is "with me," to which Plaintiff responds, in a soft voice, that he was "tired." During the interview, he gives an account of his arrest, including detailing the actions of the individual police officers in assaulting him. While Mr. Brown is asking to be allowed to go home, the IAB officers suggest to him the possibility that he withdraw his complaint. The two-paragraph written report summarizing these statements, provided previously in discovery, omits or misreports crucial details about this interview.

The prejudice caused to Plaintiff by the late disclosure is manifold. Had this tape been disclosed at the beginning of discovery, as it should have been under Rule 26(a), or *at least* in response to Plaintiff's many document demands, the entire litigation would have been affected. Most obviously, the tape, made within a few hours of the incident, would have assisted Plaintiff in refreshing his own recollection about the sequence of events, his own mental state and impairment, and the responsibility of each officer, matters as to which his recollection suffered over time and as to which defense counsel closely interrogated him at his deposition in an effort to set up his impeachment at trial. This deposition can never be undone. Further, the tape

contains specific descriptions, by name or physical characteristics, of the police officers involved, and what they did, and would have assisted Plaintiff's counsel in confronting the individual police officer-defendants during their depositions and in trying to identify additional individuals to be sued. Finally, the tape would have been crucial to the depositions of the two IAB officers who made it with respect to the substance of what Mr. Brown had to say, his physical and mental condition, and the omissions and inaccuracies in their own report of that interview.

"A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37[.]" *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Such sanctions can be imposed not just where there is a complete failure to disclose, but also due to "late disclosure." *Bedasie v. Mr. Z Towing, Inc.*, No. 13 CV 5453, 2016 WL 7839436, at *2 (E.D.N.Y. Apr. 29, 2016) (Pollak, M.J.) (precluding evidence). *See also* Fed. R Civ. P. 37(b)(2)(A) and (c)(3) (listing other sanctions including "striking pleadings in whole or in part."). "This Rule is designed to prevent the 'sandbagging' of an opposing party with new evidence." *Sec. & Exch. Comm'n v. CKB168 Holdings Ltd.*, No. 13-CV-558, 2016 WL 2853527, at *3 (E.D.N.Y. May 13, 2016) (Mauskopf, D.J.) (internal citations omitted). The later the disclosure, and the more significant the undisclosed material, the greater the sanction that should be imposed. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010) (Mann, M.J.) ("dismissal, preclusion or the imposition of an adverse inference" may be appropriate where "the requesting party suffered prejudice as a result of the loss or withholding of evidence.") Here, no item of discovery is more significant than the contemporaneous, recorded interview of the Plaintiff, immediately after the beating and while he was hospitalized and in custody, given to law enforcement officers who also are witnesses for the defense. A severe sanction is warranted here.

Plaintiff intends to bring a formal motion for sanctions, either before this Court or the Magistrate Judge, as your Honor deems appropriate. Since the defense contemplates a summary judgment motion that will be premised upon the very depositions that were impacted by the late disclosure of the audiotape, we believe such a motion should not be permitted until we have made our sanctions motion and the Court has resolved it. We will be prepared to discuss a plan to proceed with the motion practice at the conference on Wednesday.

Respectfully submitted,

Terri S. Rosenblatt

TSR/tp
cc:    All Counsel (By ECF)