```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLEN BROWN,
                    Plaintiff,          ORDER DENYING MOTION
                                        TO VACATE
    -against-                           15-CV-4488 (KAM)(RER)

CITY OF NEW YORK ET AL.,
                    Defendant.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

Before the court is Magistrate Judge Ramon E. Reyes Jr.'s order granting in part and denying in part Allen Brown's ("plaintiff's") Motion for Sanctions. Judge Reyes ordered that defendants, the City of New York, Police Officer Jeffrey Smith, Sergeant Jerry Garcia, Police Officer Anthony Biondolillo, Police Officer Jay Richiez and John Does 1-5 (collectively "defendants"), be precluded from using the original deposition transcript of plaintiff on motion or at trial, and from referencing the original deposition at plaintiff's re-deposition. (ECF No. 58, Order Granting in Part and Denying in Part Plaintiff's Motion for Sanctions ("Order Granting Sanctions") at 1-2.) Judge Reyes also ordered defendants to pay plaintiff's fees and costs in connection with plaintiff's original deposition and plaintiff's instant motion for sanctions. (*Id.* at 2.) Defendants were served the Order Granting Sanctions on October 11, 2017 and filed their Motion to Vacate the Order Granting Sanctions on October 25, 2017. (ECF

1

No. 61, Defendants' Motion to Vacate ("Def. Motion to Vacate").)
Plaintiff filed his Opposition to defendants' Motion to Vacate
on November 20, 2017. (ECF No. 64, Plaintiff's Opposition to
Motion to Vacate.) For the reasons set forth below, the court
respectfully denies defendants' Motion to Vacate Judge Reyes'
order granting sanctions and upholds the thorough and well-
reasoned Order Granting Sanctions in its entirety as the opinion
of the court.

**BACKGROUND**

On July 31, 2015, plaintiff commenced this action
against the City of New York, Police Officer Jeffrey Smith,
Sergeant Jerry Garcia, Police Officer Anthony Biondolillo, and
John Does 1-5 alleging violations of 42 U.S.C. §§ 1981, 1983 and
1988 and the Fourth, Fifth, Sixth, Eighth and Fourteenth
Amendments to the United States Constitution, and the common law
of the State of New York. (ECF No. 1, Complaint.)

On December 31, 2015, plaintiff filed his First
Amended Complaint, which added Police Officer Jay Richiez and
Sergeant Christopher Manders as defendants.[1] (ECF No. 15, First
Amended Complaint.) In it, plaintiff alleged that at
approximately 1:00 a.m. on the morning of June 27, 2014, police

---

[1] The parties filed a stipulation to dismiss the plaintiff's claims against
Sergeant Manders with prejudice on March 20, 2017 and the court so-ordered
the stipulation the same day. (ECF No. 37, Stipulation of Dismissal; ECF No.
38, So Ordered Stipulation of Dismissal.)

2

stopped a vehicle traveling through Flatbush, Brooklyn. (*Id.* ¶ 17.) After a brief pursuit by the police, the driver stopped the vehicle and fled on foot. (*Id.* ¶ 19.) Plaintiff, a passenger in the vehicle, also fled and attempted to hide. (*Id.* ¶ 20.) Plaintiff was spotted and arrested. (*Id.* ¶ 22.) As noted in the underlying Order Granting Sanctions, the details of plaintiff's arrest are disputed. ECF No. 58, Order Granting Sanctions at 2. However, by the time plaintiff was handcuffed and placed in a police car, he was bleeding from a large gash on his head and had a number of other minor injuries that required medical treatment. (ECF No. 15, First Amended Complaint ¶¶ 22-23.) Detective Christophe ("Christophe") and Sergeant Meehan ("Meehan") of IAB Group 9 interviewed plaintiff approximately three hours after his arrival at a hospital for treatment, although plaintiff had not yet received treatment and was shackled to a hospital bed for the duration of the interview. (ECF No. 50-2, Deposition of Allen Brown at 191:7, 193:12; ECF No. 50-5, Transcript of IAB Interview at 1-2.) [2] Christophe and Meehan audiotaped plaintiff's interview in compliance with standard IAB procedures. (ECF No. 50-14, Deposition of Detective Meehan at 34:17-18; ECF No. 50-13, Deposition of Detective Christophe at 16:20-22.) After leaving the hospital,

---

[2] The court refers to the page numbers assigned by the Electronic Case Filing System.

Christophe and Meehan wrote a summary of the interview and transferred their records (the "IAB File") to Group 54 to handle the remainder of the investigation. (ECF No. 53-7, Affidavit of Lieutenant James Koschmerl ("Koschmerl Aff.") ¶¶ 3-9.)

Plaintiff first sought the production of the IAB Audio on November 17, 2015 with his first set of discovery requests. (ECF No. 50-7, Plaintiff's First Set of Interrogatories and First Request for Production of Documents at 9 (written request for "[a]ll written or recorded statements taken by defendants . . . or taken by someone acting on any defendants' behalf, related to plaintiff's arrests and/or prosecutions, and the surrounding circumstances").) Plaintiff then filed a motion to compel on April 22, 2016 in which he requested all IAB records of the investigation. (ECF No. 25, Letter Motion to Compel Document Discovery.) Defendants responded to the request in a letter to Judge Reyes on April 29, 2016, (ECF No. 53-5, Defendants' Letter Regarding Discovery), and on May 2, 2016 by producing a CD file of IAB records that they represented included "audio-recorded interviews conducted by IAB investigators." (ECF No. 26, Defendants' Opposition to Motion to Compel Discovery at 1.) However, the relevant IAB Audio of plaintiff's post-arrest interview was not included. (ECF. No. 50-8, Plaintiff's Letter to Defendants (plaintiff's written request for additional discovery on May 4, 2016 which names

Christophe as the IAB officer who interviewed Brown on June 27, 2014 and requests Christophe's notes and audio recording of the interview).) In a May 5, 2016 telephone conference with the court, the defendants incorrectly reported to Judge Reyes that the IAB file had been fully produced. (ECF No. 56, Transcript of the May 5, 2016 Telephone Conference at 4:20-21.) Consequently, plaintiff was forced to continue to request missing pieces of the IAB file, including the audio recordings, from July through September 2016, and placed defendants on notice that their delay could prejudice plaintiff. (*See* ECF Nos. 50-9, 50-10, 50-11, 50-12, Plaintiff's Email Requests for The IAB Audio.) Plaintiff's counsel repeatedly advised defense counsel that plaintiff's deposition was being delayed because of defendants' ongoing failure to produce the IAB Audio and advised that plaintiff should not have to testify at a deposition without access to the IAB recording. (*Id.*)

Defendants did not locate and produce the IAB Audio until April 5, 2017, after the close of discovery. (*See* ECF No. 51, Plaintiff's Memorandum in Support of Motion for Sanctions ("Pl. Br.") at 13; ECF No. 54, Defendants' Memorandum in Opposition to Motion for Sanctions ("Def. Opp.") at 8.) Defendants claimed they conducted a "diligent" search for the IAB Audio but failed to find it and produce it in a timely manner due to "inadvertent clerical error." (Def. Opp. at 9.)

Defendants, however, provided no explanation for how the IAB Audio was "inadvertently" not uploaded to the IAB File. (*Id.*) This error contributed to the failure to locate the IAB Audio timely because when the defendants requested the IAB File from Group 54, the IAB Audio was not included. (*Id.*) It was only after multiple requests and an order from Judge Reyes to produce the specific audio file that defendants finally sent a request to Group 9, the group initially responsible for the interview, and the IAB Audio was located promptly in a file accessible only by Group 9, and disclosed. (ECF No. 53-7, Koschmerl Aff. ¶ 12; ECF No. 47, Transcript of March 2, 2017 Final Pretrial Conference at 10:4-25.) Defendants produced the audio recording on April 5, 2017. (*See* ECF No. 51, Pl. Br. at 13; ECF No. 54, Def. Opp. at 8.)

On May 30, 2017, plaintiff sought relief from the court and moved for discovery sanctions pursuant to Fed. R. Civ. P. 37 and the court's inherent authority striking portions of defendants' answer, precluding use of the late disclosed recording or Brown's deposition, an award of costs and attorney's fees, and any other relief the court deemed appropriate. (*See* Pl. Br.) Defendant opposed plaintiff's Motion for Sanctions. (*See* Def. Opp.) On October 11, 2017, Judge Reyes issued an order granting monetary and other sanctions against defendants. (*See* ECF No. 58, Order Granting

6

Sanctions at 1-2.). Defendants filed a Motion to Vacate the Order Granting Sanctions, (ECF No. 61, Def. Motion to Vacate), and plaintiff has responded. (*See* ECF No. 66, Plaintiff's Opposition to Defendant's Motion to Vacate.)

The court has undertaken a comprehensive *de novo* review of the Order Granting Sanctions and the record in light of the written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the court denies defendants' objections and upholds Judge Reyes' Order Granting Sanctions in its entirety.

**LEGAL STANDARD**

"A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C.§ 636 (b)(1)(A). A judge may reconsider a magistrate judge's determination on any pretrial or nondispositive matter, "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed.R.Civ.P. 72(a). "A decision is clearly erroneous where 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014)(citing *Gualandi v. Adams,* 385 F.3d 236, 240 (2d Cir.2004)). An order is contrary to law only if it fails to apply or incorrectly applies "relevant statutes, case

7

law or rules of procedure." *Id*. (citations omitted). This standard is highly deferential, and, "[a] party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013).

**DISCUSSION**

Judge Reyes' Order Granting Sanctions grants in part and denies in part plaintiff's Motion for Sanctions. Specifically, it orders (1) that defendants be precluded from using the plaintiff's original deposition on motion or at trial, (2) that defendants be permitted to redepose plaintiff, but they may not reference plaintiff's original deposition at the redeposition and (3) that defendants are ordered to pay plaintiff's attorney's fees and costs in connection with the original deposition and for the instant motion. (ECF No. 58, Order Granting Sanctions at 1-2.)

Defendants contend that the imposition of sanctions pursuant to the court's "inherent power" requires a showing of bad faith that the court failed to make and therefore, sanctions are improper. (ECF No. 66, Def. Motion to Vacate at 6-12.) However, defendants disregard the court's finding that sanctions are appropriate under both Fed. R. Civ. P. 37 and under the court's inherent powers. As Judge Reyes correctly noted, the Second Circuit has held that bad faith or willful misconduct is

8

not required for sanctions, and that negligence may suffice. (ECF No. 58, Order Granting Sanctions at 4-5 (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002).) Based on this record, the defendants' actions are, at a minimum, negligent if not grossly negligent. It is well established that sanctions may be imposed on a party or counsel who deliberately fails to comply with a court order. *See*, *e.g.*, *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 44 F.3d 1091, 1096 (2d Cir. 1995); *Drywall Tapers, Local 1974 v. Local 530*, 889 F.2d 389, 394 (2d Cir. 1989), cert. denied, 494 U.S. 1030 (1990). Rule 37 provides in relevant part that "if a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The purpose of Rule 37 Sanctions is to prevent parties from benefitting from their failure to comply and to act as a specific and general deterrent. *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)(citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976) (per curiam)). Failure to comply with court orders and with discovery obligations warrants sanctions under Rule 37. *Waddell v. City of New York*, No. 08-CV-0293(CBA), 2008 WL 5416418, at *2 (E.D.N.Y. Dec. 30, 2008).

Further, even if the decision were made solely pursuant to the court's inherent powers, the court is not required to make a bad faith finding. Bad faith is not required under *United States v. Seltzer*, when the sanctioned conduct is "not inherent to client representation" and involves "violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom." *George v. Prof'l Disposables Int'l, Inc.*, No. 15-CV-3385, 2018 WL 2148762, at *2, *4 n.5 (S.D.N.Y. May 1, 2018)(citing *United States v. Seltzer,* 227 F.3d 36, 42 (2d Cir. 2000)). As clearly and correctly explained by Judge Reyes in great detail, defendants' remarkable negligence in meeting their discovery obligations led to unjustified delay, prejudice and additional costs to Plaintiff. Defendants unpersuasively argue that precluding defendants from using plaintiff's original deposition at trial, on motion, or at a new deposition of plaintiff, prejudices defendants. However, given the unjustified delay and prejudice to plaintiff due to defendants' negligence, it is clear that the sanctions ordered by Judge Reyes are appropriate and well within his authority.

The court has reviewed the record and defendants' arguments in their Motion to Vacate and defendants have not shown that Magistrate Judge Reyes' Order is clearly erroneous or contrary to the law.

As such, the court overrules defendants' objections and upholds Judge Reyes' Order Granting Sanctions in its entirety. The case remains referred to Magistrate Judge Reyes for general pretrial management.

**SO ORDERED.**

Dated:    June 28, 2018
            Brooklyn, New York

                                        _____/s/_____
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge