UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
ALLEN BROWN,

        Plaintiff,

                                  15-cv-4488 (KAM)(RER)

    -against-

THE CITY OF NEW YORK,
Police Officer JEFFREY SMITH, Shield No. 5466,
Sergeant JERRY GARCIA, Shield No. 2320, Police
Officer ANTHONY BIONDOLILLO, Shield No. 4033, and
Police Officer JAY RICHIEZ, Shield No. 4293,

        Defendants.
------------------------------------------------------------------

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S FEE APPLICATION**

---

**LAW OFFICES OF JOEL B. RUDIN, P.C.**
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
*Counsel for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I.     The Presumption in Favor of the Forum Rule Does Not Apply to Fees Awarded as Sanctions Under Rule 37 ................................................................................................. 1

    II.    Plaintiff's Requested Hourly Rates are Reasonable ............................................... 2

          A.     Joel Rudin's Hourly Rate is Reasonable ...................................................... 2

          B.     The Other Attorneys' and Paralegal's Requests Hourly Rates are Reasonable ................................................................................................... 5

    III.   Plaintiff's Attorneys' Hours are Reasonable ........................................................... 7

    IV.   Plaintiff's Costs are Reasonable ........................................................................... 10

CONCLUSION ........................................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

**Cases**

*5316 Church Avenue, LLC, v. Diane Yhun, et al.*, No. 14-cv-7376 (FB)(RER)
  (E.D.N.Y. Jul. 18, 2018) .................................................................................................. 3, 4

*Asare v. Change Grp. of New York, Inc.*, No. 12 CIV. 3371 CM, 2013 WL 6144764
  (S.D.N.Y. Nov. 18, 2013) ................................................................................................ 3, 6

*Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941
  (S.D.N.Y. June 16, 2016).................................................................................................... 6

*Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126 (E.D.N.Y. 2006)......................... 10

*Ceglia v. Zuckerberg*, No. 10-CV-00569 (RJA)(LGF), 2012 WL 503810
  (W.D.N.Y. Feb. 14, 2012) .................................................................................................. 2

*Charles v. City of New York*, No. 13 Civ. 3547 (PAE), 2014 WL 4384155
  (S.D.N.Y. Sept. 4, 2014) ................................................................................................. 3, 4

*Chawla v. Metro. Oral Surgery Assocs., P.C.*, No. 11-CV-6248 RRM VMS, 2014 WL 4678023
  (E.D.N.Y. Sept. 19, 2014).................................................................................................... 2

*City of Riverside v. Rivera*, 477 U.S. 561 (1986) ........................................................................ 7

*Finch v. New York State Office of Children & Family Servs.*, 861 F. Supp. 2d 145
  (S.D.N.Y. 2012).................................................................................................................. 4

*Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 CIV 11490 RCC FM, 2001 WL 246387
  (S.D.N.Y. Mar. 13, 2001) ................................................................................................... 8

*Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2017 WL
  4103643 (S.D.N.Y. Sept. 7, 2017), *report and recommendation adopted*, No. 96-CV-
  8414 (KMW), 2017 WL 4082304 (S.D.N.Y. Sept. 8, 2017)............................................... 3

*Hargroves v. City of New York*, No. 03-CV-1668 RRM VMS, 2014 WL 1270585 (E.D.N.Y. Jan.
  6, 2014), *report and recommendation adopted,* No. 03-CV-1668 RRM VMS, 2014 WL
  1271039 (E.D.N.Y. Mar. 26, 2014) .................................................................................... 8

*Lenihan v. City of New York*, 640 F. Supp. 822 (S.D.N.Y. 1986) ............................................ 8, 9

*New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), *aff'd
  in part, vacated in part on other grounds*, 103 F.3d 451 (2d Cir. 1997) ........................ 7, 8

*On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448 (2d Cir. 2009) ................. 1

*Restivo v. Nassau Cty.*, No. 06-CV-6720(JS)(SIL), 2017 WL 3727366
    (E.D.N.Y. Aug. 28, 2017) ........................................................................................ 8

*Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (1980) ......................................................................... 1

*Rodriguez v. Pressler & Pressler, L.L.P.*, No. 06-cv-5103 (BMC)(JO), 2009 WL 689056
    (E.D.N.Y. Mar. 16, 2009) ........................................................................................ 5

*Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) .................................................... 6, 7, 8

*Stanczyk v. City of New York*, 990 F. Supp. 2d 242 (E.D.N.Y. 2013), *aff'd,* 752 F.3d 273
    (2d Cir. 2014) ........................................................................................................... 4

*Thomas v. City of N.Y.*, No. 14-cv-7513 (ENV)(EMS), 2017 U.S. Dist. LEXIS 199235
    (E.D.N.Y. Dec. 1, 2017) ...................................................................................... 4, 5

*Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053 (2d Cir. 1995) .... 9

*Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999) ................................................................................. 9

*Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509
    (S.D.N.Y. 1984) ....................................................................................................... 8

*Zhiwen Chen v. Cty. of Suffolk*, 927 F. Supp. 2d 58 (E.D.N.Y. 2013) ........................................... 4

**Other Authorities**

Advisory Committee Notes to the 1983 Amendment to Rule 11 ............................................. 1, 2

## INTRODUCTION

Plaintiff, Allen Brown, respectfully submits this reply memorandum in further support of his motion for fees and costs awarded by this Court in its Memorandum and Order dated October 11, 2017, and affirmed by the District Court on June 28, 2018.  Defendants continue to take no responsibility for having enormously complicated this litigation by failing to produce essential discovery, despite Plaintiff's repeated requests, for two years, trying to wear down Plaintiff himself with an abusive, seven-hour deposition, totally opposing any sanction for their discovery misconduct, appealing every aspect of this Court's sanction order, and totally losing their appeal.  Now that Plaintiff's law firm has defeated stonewalling tactics that might have worn down and defeated less experienced or capable attorneys, Defendants complain that the task really was simple and that less experienced counsel would have achieved the same result.  In truth, the task was not simple, as the briefing demonstrates, nor should the deterrent value of the sanctions be so drastically diminished, defeating their purpose.

## ARGUMENT

**I.  The Presumption in Favor of the Forum Rule Does Not Apply to Fees Awarded as Sanctions Under Rule 37**

Defendants argue that the Second Circuit's rejection of the forum rule for Rule 11 sanctions, *see On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448, 452 (2d Cir. 2009), does not apply to Rule 37 sanctions.  But Rule 37 sanctions serve the same purpose of deterring "baseless filings" and "curbing [] abuses." *On Time Aviation*, 354 F. App'x at 452 (citation omitted).  The Supreme Court stressed that Rule 37 sanctions "must be applied diligently" to deter and penalize discovery abuses. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  Advisory Committee Notes to the 1983 Amendment to Rule 11 analogize the

1

deterrent use of sanctions under Rule 11 to the imposition of sanctions for discovery abuses under Rule 37. Defendants advance no reason for a different result under Rule 37 than Rule 11.

Defendants attempt to distinguish just one of the authorities we cite, *Ceglia v. Zuckerberg*, No. 10-CV-00569 (RJA)(LGF), 2012 WL 503810, at *6–7 (W.D.N.Y. Feb. 14, 2012), by arguing that the complex nature of the litigation was necessary to the court's rejection of the forum rule, but this is not true. The court reasoned that the deterrent purpose of sanctions alone was a sufficient basis for applying out-of-district rates. As an alternative holding, it found that the complex nature of the litigation *also* warranted the out-of-district rate. *See Ceglia*, 2012 WL 503810, at *10.

Plaintiff's counsel is located in the Southern District and seeks hourly rates commensurate with rates awarded in that district to similarly experienced and able attorneys. Anything less would undercut "the deterrent effect of a fees award." *Chawla v. Metro. Oral Surgery Assocs., P.C.*, No. 11-CV-6248 RRM VMS, 2014 WL 4678023, at *10 (E.D.N.Y. Sept. 19, 2014) (Scanlon, M.J.) (awarding requested out-of-district S.D.N.Y. hourly rate of $525 per hour for fees awarded as Rule 37 sanction). Given the flagrancy of the misconduct here and the refusal of Defendants to accept responsibility for it, they should not be rewarded with an order that so drastically reduces Plaintiff's counsel's actual fees.

## II.     Plaintiff's Requested Hourly Rates are Reasonable

### A.     Joel Rudin's Hourly Rate is Reasonable

Defendants do not dispute that Mr. Rudin is a senior litigator with 40 years of experience who has achieved many successes in complex § 1983 litigation and thus squarely fits within the category of attorneys who are awarded the highest rates in the Eastern and Southern Districts. Rather, Defendants oppose Mr. Rudin's hourly rate on the basis that it is beyond the outer

bounds of reasonableness in either District, that he has not submitted documentation of his billings, that this case has not precluded him from other employment, and that this is a relatively straightforward case.

Defendants, citing *Charles v. City of New York*, No. 13 Civ. 3547 (PAE), 2014 WL 4384155, at *3 (S.D.N.Y. Sept. 4, 2014), contend that an hourly rate of $500 is the high end of the range of prevailing rates approved in the Southern District, *see* Defs.' Mem. in Opp. to Pl.'s Fee App. at 8, yet fail to address the plethora of cases demonstrating that the high end of S.D.N.Y. hourly rates is $650-750.  *See* Mem. of Law in Supp. of Pl.'s Fee App. at 13; *see also Asare v. Change Grp. of New York, Inc.*, No. 12 CIV. 3371 CM, 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) (approving $750 hourly rate for partners in FLSA action); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2017 WL 4103643, at *5 (S.D.N.Y. Sept. 7, 2017), *report and recommendation adopted*, No. 96-CV-8414 (KMW), 2017 WL 4082304 (S.D.N.Y. Sept. 8, 2017) (raising recommended hourly rates to $650 for partners; $500 for counsel; and $175 for paralegals).

Meanwhile, Judge Seybert has awarded $700 per hour, Judges Feuerstein and Tomlinson have awarded $600 per hour, and this Court, in a copyright action, awarded $600 per hour as consistent with Eastern District awards, while noting a $735 per hour award in the S.D.N.Y.  *See* Mem. of Law in Supp. of Pl.'s Fee App. at 13-14 (discussing cases).  Without even acknowledging this Court's decision in the copyright action and in other cases awarding fees much higher than proposed by Defendants, they prominently cite this Court's unpublished Report and Recommendation to Judge Block in *5316 Church Avenue, LLC, v. Diane Yhun, et al.,* No. 14-cv-7376 (FB)(RER) (E.D.N.Y. Jul. 18, 2018).  But it involves a straightforward mortgage foreclosure action (not a contingent civil rights case with all its uncertainties and complexities),

3

plaintiff's counsel failed to submit "any substantial information about the[] partners or their experiences," and their fee motion was "thoroughly confusing and inadequate." *Id.*, slip op. at 5 and n.8.

The other cases Defendants cite do not support the hourly rate of $400 they request for Mr. Rudin. *See Charles*, 2014 WL 4384155, at *3 ($450 hourly rate awarded to attorney with 25 (as opposed to 40) years of experience, who did not aver that paying clients actually paid him at the requested $500 hourly rate, and who had that same year requested an hourly rate of $450 in another case); *Finch v. New York State Office of Children & Family Servs.*, 861 F. Supp. 2d 145, 153-54 (S.D.N.Y. 2012) (awarding $450 hourly rate to solo practitioner who claimed a $550 rate); *Zhiwen Chen v. Cty. of Suffolk*, 927 F. Supp. 2d 58, 72 (E.D.N.Y. 2013) (awarding $350 instead of requested $400 hourly rate where attorney had been practicing for 26 years, admitted he had "very limited prior experience in civil rights litigation," and was a solo practitioner for the overwhelming majority of the case with no associates to handle less complex aspects of the work). In *Stanczyk v. City of New York*, 990 F. Supp. 2d 242, 247-48 & n.2 (E.D.N.Y. 2013) (Block, D.J.), *aff'd,* 752 F.3d 273 (2d Cir. 2014), Judge Block, five years ago, cut principal plaintiff's counsel's fee request from $450 per hour to $350 because counsel's performance and the results had been poor. The counsel, Jon Norinsberg, is far junior to Mr. Rudin (although the decision did not hinge on his level of experience). As for the minimal time of two other senior attorneys, the court awarded the full rate they requested: $475 and $425 per hour.

With no sense of irony, Defendants argue Mr. Rudin's rate should be $400 but, in opposing the $450 rate requested for Terri Rosenblatt, a junior partner, note that attorneys with 20 or 17 years of experience claiming rates far lower than Mr. Rudin's have been awarded $450 per hour. *See Thomas v. City of N.Y.*, No. 14-cv-7513 (ENV)(EMS), 2017 U.S. Dist. LEXIS

4

199235, at *11 (E.D.N.Y. Dec. 1, 2017) (Scanlon, M.J.) (awarding $450 hourly rate to two attorneys with 20 and 30 years of experience, respectively, who both requested $500); *Rodriguez v. Pressler & Pressler, L.L.P.*, No. 06-cv-5103 (BMC)(JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (Cogan, D.J.) (awarding $450 an hour to attorney with 17 years of experience).

Since Defendants challenge Mr. Rudin's sworn representation that he has billed and collected $750 per hour from fee-paying clients, we attach invoices (appropriately redacted) documenting his rate. *See* Ex. B to Rudin Supplemental Affirmation.

Defendants assert that Mr. Rudin was not precluded from other employment due to this case. This factor is of minimal significance. Few matters will preclude a law firm from accepting other cases. If a civil rights firm working on a contingency fee basis limited itself to one or a few matters, it would risk bankruptcy. At the same time, it is obvious that the time Plaintiff's counsel spent litigating this matter could not be spent on other, income-producing matters. Defendants wish to penalize Plaintiff's law firm for having the depth to be able to handle more than one matter at the same time. Yet the employment of such high quality staff, including a Second Circuit law clerk from Harvard Law Review, a Yale Law School graduate with excellent civil rights experience, and a paralegal who graduated from Columbia University, means that the firm, located in midtown Manhattan, has a very high overhead for a civil rights firm and should be compensated at higher rates than the solo practitioners involved in most of the cases cited by Defendants.

B. **The Other Attorneys' and Paralegal's Requests Hourly Rates are Reasonable**

The billing statements appended as Exhibit B to the Rudin Supplemental Affirmation demonstrate that Ms. Rosenblatt, Ms. Tae, Mr. Loup, and Mr. Sharma billed at, and clients regularly paid, their requested rates (or higher).

5

The $450 hourly rate for Ms. Rosenblatt, a junior partner who worked exclusively, for 10 years, on civil rights and criminal defense matters, is within the range of rates awarded to attorneys of her experience.  *See* Mem. of Law in Supp. of Pl.'s Fee App. at 16; *see also Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (in § 1983 action, approving requested $550 hourly rate for three attorneys with 11-12 years of experience, and requested $425 hourly rate for attorney with 9 years of experience); *Asare v. Change Grp. of New York, Inc.*, No. 12 CIV. 3371 CM, 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) (approving $500 hourly rate for senior associates in FLSA action).

Similarly, the hourly rates sought for Ms. Tae, a fourth-year associate with an outstanding record at Yale Law School, and for Mr. Loup, a Harvard Law Review editor who clerked for Judge Kearse on the Second Circuit, are reasonable.  Ms. Tae's $300 hourly rate is within the prevailing rate of $200-$300 for associates with four years of experience in the Eastern District, *see* Defs.' Mem. in Opp. to Pl.'s Fee App. at 11.  The prevailing hourly rates in the Southern District are higher.  *See* Mem. of Law in Supp. of Pl.'s Fee App. at 16; *see also Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding $350 hourly rate for senior associates and $250 hourly rate for junior associates).

The requested rate of $125 for paralegal Mr. Sharma, a Columbia University graduate, is also reasonable.  *See* Mem. of Law in Supp. of Pl.'s Fee App. at 16-17; *see also, e.g.*, *Asare*, 2013 WL 6144764, at *19 (awarding $150 hourly rate for paralegals); *Rozell*, 576 F. Supp. 2d at 546 (awarding $125 hourly rate for paralegals).  Since joining the firm, Mr. Sharma has provided exceptional paralegal assistance on every case the firm handles.

### III. Plaintiff's Attorneys' Hours are Reasonable

It was former defense counsel's behavior that necessitated the time spent by Plaintiff's counsel in defending Plaintiff's deposition and moving for sanctions. Defendants, in bad faith, repeatedly represented there was no audio recording, took nearly the full seven hours for Plaintiff's deposition, rejected Plaintiff's offer to negotiate a reasonable sanction, advanced numerous meritless arguments opposing sanctions, including numerous misrepresentations of fact which had to be painstakingly refuted, continued to refuse to negotiate a resolution, and then mounted a full-fledged and equally meritless appeal to the District Court containing still more misstatements of law and fact. Defendants "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986).

Defendants complain on page 14 of their memorandum that both partner Rudin and associate Tae worked on preparing Plaintiff and defending his deposition, and that Ms. Rameau also attended. But Ms. Rameau did not attend Plaintiff's deposition. The majority of billed time consisted of the 6.8 hours for Mr. Rudin and Ms. Tae each to attend the deposition, but it was former defense counsel who controlled its length. Contrary to Defendants' representation, the discrepancy in the number of hours billed for the deposition is .2 hours, due to our overlooking, in the memorandum breakdown, the .2 hours spent by Mr. Rudin scheduling Plaintiff for his deposition preparation. *See* Ex. A to Rudin Affirmation dated October 12, 2018, at 2 (10/31/16 time entry).

Parties are regularly compensated for sending a second attorney to depositions or court appearance. *See, e.g.*, *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983), *aff'd in part, vacated in part on other grounds*, 103 F.3d 451 (2d Cir.

7

1997); *Restivo v. Nassau Cty.*, No. 06-CV-6720(JS)(SIL), 2017 WL 3727366, at *5 (E.D.N.Y. Aug. 28, 2017) (Seybert, D.J.); *Hargroves v. City of New York*, No. 03-CV-1668 RRM VMS, 2014 WL 1270585, at *19 (E.D.N.Y. Jan. 6, 2014) (Scanlon, M.J.), *report and recommendation adopted,* No. 03-CV-1668 RRM VMS, 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014) (Mauskopf, D.J.); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 CIV 11490 RCC FM, 2001 WL 246387, at *2 (S.D.N.Y. Mar. 13, 2001). "[D]ivision of responsibility may make it necessary for more than one attorney to attend activities such as depositions and hearings." *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984).

Here, Ms. Tae, billing at a much lower rate, was responsible for reviewing the initial case file, gathering relevant discovery, and helping to prepare Plaintiff for his deposition, and Mr. Rudin depended upon her superior knowledge of the facts. Had Mr. Rudin done all the factual work himself, Defendants would be complaining that the work should have been done by an associate. Obviously, it is "more efficient for the partner to bring the associate along" to Plaintiff's deposition "than to attempt to familiarize [himself] with all of the details of every issue in the case." *Lenihan v. City of New York*, 640 F. Supp. 822, 825 (S.D.N.Y. 1986); *see also Rozell,* 576 F.Supp.2d at 541 ("entirely appropriate" and reasonable for two attorneys to attend, and bill for, the depositions of key witnesses); *Hargroves*, 2014 WL 1270585, at *19 (same). Plaintiff is the only non-police witness to have seen the events in question and his deposition testimony as to liability and damages was essential to his case. *See, e.g.*, *Hargroves*, 2014 WL 1270585, at *19 (37.3 hours preparing for arresting officer's deposition reasonable).

Defendants criticize the number of hours Plaintiff's counsel spent opposing Defendants' unsuccessful appeal of this Court's sanctions decision. However, Plaintiff's counsel would not have been forced to spend *any* hours had Defendants not brought a meritless appeal of this

8

Court's decision (borne out by Judge Matsumoto's decision upholding this Court's decision in its entirety). Defendants submitted a 29-page memorandum supporting their appeal which cited misleading or false "facts" and made numerous legal arguments, all of which had to be carefully investigated and responded to. Plaintiff's counsel meticulously researched, drafted, revised, condensed, and edited the opposition brief. "It is normal practice for attorneys to revise briefs several times before submitting them to the Court." *Lenihan*, 640 F. Supp. at 825. The result of the appeal certainly speaks in favor of counsel's exercise of diligence. Defendants should not be allowed to complain about the work they forced Plaintiff's counsel to undertake.

Defendants, without citing any caselaw, argue that Plaintiff's counsel should not recover fees on the fee application or, alternatively, that there should be at least a 40 percent reduction. Defs.' Mem. in Opp. at 15. However, that time spent on a fee application is compensable. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999); *Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995). And, contrary to Defendants' baseless assertion, the amount of time counsel has spent on the fee application, a complex litigation in its own right, is reasonable. Plaintiff's counsel had to review, analyze, and redact time records, determine costs, research the applicable law, and draft a detailed memorandum of law and affirmation. Plaintiff's resulting filing consists of 126 pages, including exhibits. This work was necessitated by Defendants' failure to negotiate a reasonable resolution of the fee question after Plaintiff's counsel, in an effort to head off the present dispute, submitted to Defendants a draft motion and the underlying records. Even now, Defendants seek to slash Plaintiff's overall fee request by more than 60 percent.

We note that, due to the necessity of replying to Defendants' papers, our fee application is now increased by $8,860. *See* Rudin Supp. Aff. ¶¶ 4-8 and Ex. A thereto.

9

### IV. Plaintiff's Costs are Reasonable

Finally, Defendants object to payment of FedEx costs due to lack of documentation. We have attached the FedEx shipping labels and receipts. *See* Rudin Supp. Aff. ¶ 10 and Ex. C thereto.

Defendants also object to the transcript costs on the grounds that they were not necessary. However, they were essential given the numerous factual misstatements in Defendants' papers opposing sanctions and the nearly two-year course of conduct at issue. The case Defendants cite, *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006) (Spatt, D.J.), involved a far more costly full trial transcript where, in the court's view, careful notetaking during a civil trial would have sufficed. Here, Plaintiff's counsel could not have anticipated that a sanctions motion would eventually be necessary, let alone former defense counsel's numerous misstatements of historical fact, and it would have been difficult to resolve the factual disagreements of the parties without the transcripts.

Again, Defendants complain about the absence of documentation of Plaintiff's transcript costs. They are documented by Mr. Rudin's supplemental affirmation, with exhibits. *See* Rudin Supp. Aff. ¶ 11 and Ex. D thereto.

### **CONCLUSION**

Plaintiff's fee application should be granted without reduction. Defendants brought this upon themselves. They need to be fully sanctioned for specific and general deterrence, and so that Plaintiff's counsel will be made whole for attorney time that counsel otherwise could and would have spent on other, fee-paying matters.

        Respectfully submitted,

                /s/

LAW OFFICES OF JOEL B. RUDIN, P.C.
By:    Joel B. Rudin
        Haran Tae
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
212-752-7600
jbrudin@rudinlaw.com
*Counsel for Plaintiff*

Dated:  November 20, 2018
        New York, New York